# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.D. and J.H. Jr.**

**No. 13-1072** (Mercer County 11-JA-191 & 11-JA-192)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother, by counsel David B. Kelley, appeals the Circuit Court of Mercer County's September 23, 2013, order terminating her parental rights to her children, J.D., age 5, and J.H. Jr., age 3. The West Virginia Department of Health and Human Resources ("DHHR"), by Angela Alexander Walters, its attorney, filed its response. The children's guardian ad litem, Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court should have granted her an additional improvement period and should not have terminated her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2011, the DHHR filed an abuse and neglect petition against petitioner. The petition related to unexplained bruising on J.D., but was later amended to include allegations that petitioner exposed the children to domestic violence and substance abuse. Petitioner was granted an improvement period and ordered to participate in substance abuse treatment. In October of 2012, she was charged with non-aggravated robbery but was able to continue participating in substance abuse treatment. The robbery case was later dismissed. In June of 2013, petitioner was removed from one of her treatment facilities because she used a credit card without permission; however, the facility continued to provide her with outpatient services.

In September of 2013, the circuit court held a dispositional hearing wherein it heard evidence that petitioner tested positive on various occasions for cocaine, marijuana, and hydromorphone. A DHHR employee testified that petitioner cooperated at the beginning of the case, but that her cooperation had diminished, that petitioner stopped cooperating with drug testing, and that petitioner missed visitation with her children because the worker could not contact her. Testimony also showed that petitioner failed to complete inpatient drug treatment ordered as part of her improvement period and allegedly engaged in criminal activity during the improvement period through fraudulent use of a credit card and robbery. By order dated September 23, 2013, the circuit court terminated petitioner's parental rights, finding that while

1

petitioner had made great strides in her recovery, it was not in the children's best interest to delay permanency any longer. It is from this order that petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that she was entitled to an improvement period and that her parental rights should not have been terminated. Specifically, she argues that because the court found she had improved during her improvement period and was on her way to recovery, there would have been no harm in permitting her to continue her improvement period a while longer. She argues that under West Virginia Code § 49-6-5(c), the circuit court had the authority to grant an improvement period as an alternative to disposition and that the circuit court failed to do so. While we agree that West Virginia Code § 49-6-5(c)[1] authorizes a circuit court to grant a dispositional improvement period, it does not mandate an improvement period. Moreover:

> "As a general rule the least restrictive alternative regarding parental rights to custody of a child under W.Va. Code [§] 49–6–5 (1977) will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened." Syllabus point 1, *In re R.J.M.,*

---

[1] West Virginia Code § 49-6-5(c) reads in its entirety as follows:
The court may, as an alternative disposition, allow the parents or custodians an improvement period not to exceed six months. During this period the court shall require the parent to rectify the conditions upon which the determination was based. The court may order the child to be placed with the parents, or any person found to be a fit and proper person, for the temporary care of the child during the period. At the end of the period, the court shall hold a hearing to determine whether the conditions have been adequately improved and at the conclusion of the hearing shall make a further dispositional order in accordance with this section.

2

164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, in part, *In re Kristin Y.,* 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, as the circuit court noted, the children have not been in their parents' care and, therefore, have been without permanency for most of their lives. The record shows that while Petitioner Mother has shown progress throughout the two years of the proceedings, she has also regressed at times, including allegedly committing criminal acts and having positive drug screens. We hold that the circuit court was not clearly erroneous in finding that reunification was not in the children's best interest, that there is no reasonable likelihood the conditions of neglect or abuse can be substantially corrected in the near future, and that it is necessary for the children's welfare to terminate petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the circuit court's decision and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II